United States District Court
Southern District of Texas
**ENTERED**
January 20, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Valerie Moore, | § | |
|     Plaintiff, | § | |
| versus | § | Civil Action H-20-3356 |
| Andrew Saul, | § | |
|     Defendant. | § | |

# Opinion on Summary Judgment

1. *Introduction.*

    The question is whether substantial evidence supports the commissioner's decision that Valerie Moore is not disabled under the Social Security Act.

    Moore brought this action for judicial review of the commissioner's final decision denying her claims for disability benefits. 42 U.S.C. §§ 405 (g), 423. Moore moved for reversal and remand. The Commissioner – Andrew Saul – moved for summary judgment.

2. *Standard of Review.*

    Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but, those where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3. *The Statutory Criteria.*

The statutory social security regulations prescribe a five-step process to evaluate whether an individual is disabled. First, the reviewing officer must determine whether the claimant was participating in substantially gainful activity. Second, the claimant must have a medically determinable impairment that is severe or a combination of impairments that are severe. Third, the severity of the claimant's impairments must equal the criteria of an impairment listed in 20 CFR. Furthermore, Paragraph B of this section stipulates that mental impairments must result in at least one extreme or two marked limitations in broad areas of functioning which are: (a) understanding, remembering, or applying information; (b) interacting with others; (c) concentrating, persisting, or maintaining pace; and, (d) adapting or managing themselves. Fourth, the reviewing officer determines the claimant's residual functional capacity to perform requirements of her past relevant work. Fifth, the claimant's ability to do other work must be evaluated based on her residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4).

4. *Background.*

On November 17, 2016, Moore applied for disability benefits. Moore said that she was disabled because of hypertrophic cardiomyopathy, multiple strokes, hypertension, depression, and seizures. She claims her disability began in September 3, 2015. Her claim was first denied on July 26, 2017, and denied upon reconsideration on April 19, 2018. Moore then filed a written request for hearing.

She testified at the hearing that she occasionally falls. In 2005, she had a stroke and has right-sided weakness due to her stroke. She has difficulty writing and walking. She also has seizures daily. She testified that she has been hospitalized for anxiety and depression.

The officer found that Moore could perform at a sedentary exceptional level. After the hearing on May 31, 2018, an administrative law judge denied Moore disability benefits.

Moore asked the appeals council to review the decision. He included a surgical report from March 2019 when Moore underwent open heart surgery. The Appeals Council found the evidence was not material. The surgical report did not show an additional limitation that would change the officer's assessment.

5.  *Application.*

The officer adhered to the five-step process and properly found that Valerie Moore is not disabled.

### A.   *Step One*

Moore has not engaged in substantial gainful activity since September 3, 2015, the alleged onset date.

### B.   *Step Two*

The officer identified a history of ischemic heart disease, epilepsy, osteoarthritis of the left hip, vascular insult to the brain/stroke, anxiety, depression, congestive heart failure, and atrial fibrillation were severe impairments significantly limiting Moore's ability to perform basic work activities.

### C.   *Step Three*

Moore does not have an impairment or combination of impairments that meets the severity of a listed impairment under 20 CFR. Moore says her impairments as a whole meet the requirement of listings: 11.04 C, 4.02, and 1.02A.

The officer considered the three listings. First, Moore's history of strokes occurred before the disability claim period. 11.04 C requires a marked limitation in physical and mental functions for at least three months. She did not have a marked limitation. In 2005 and 2013, she had a stroke. After each stroke, she could walk without difficulty.

Second, Moore has the ability to move. 4.02 requires that a heart failure seriously limit the ability to complete daily activities. The listing requires an exercise tolerance test. She did not perform one. She does not meet the requirements of the listing.

Third, Moore does not meet the elements of 1.02. This listing requires extreme limitation in the ability to walk that an assisted device requires both hands. Moore says she uses a cane with both hands. The officer found that the cane only required one.

No other limitations warrant disability benefits. Moore's application for disability fails this step.

D. *Step Four*

Based on her residual functional capacity, the officer concluded that Moore could not perform her past relevant work as a teacher. The vocational expert testified that there are other jobs available that would meet the reviewing officer's criteria. For example, the vocational expert suggested Moore could work as a surveillance monitor, telephone quotation clerk, or mail addresser given her limitations. While Moore suffered from impairments, none of these, nor their combination result in an inability to perform sedentary work.

E. *Step Five*

The officer found that Moore has the residual functional capacity to perform sedentary work. Moore may occasionally balance, stoop, kneel, crouch, and crawl. Although Moore can occasionally climb ramps and stairs, she cannot climb ladders, ropes, or scaffolds. Moore is limited to frequent use of foot controls and occasional overhead bilateral reaching. She can use a cane for balance.

Although Moore's medically determinable impairments could reasonably be expected to cause her symptoms, her statements about the intensity, persistence, and limiting effects of her symptoms are largely inconsistent with the medical record. Moore described extreme limitations on her ability to stand or walk. However, the physical examinations show she was able to walk slowly and independently. Her doctor also said she was functionally intact for walking, sitting, standing, and lifting objects.

Substantial evidence shows that Moore can perform sedentary work. Even if Moore cannot climb, balance, stop kneel, crouch, or crawl, she can still perform sedentary jobs. The medical record does not indicate that depression or seizures limit her mental functioning. Dr. Daniella Costa found she was still alert and could complete simple math.

Moore's testimony at the hearing confirms that she can perform sedentary work within the officer's limitations. Moore testified that she could not work because she had difficult standing and walking for long periods of time. The officer's restrictions limit her physical activity. Moore testified that she could not regularly work because of her impairment. Although she has experienced falls, the record does not support the claim that she would miss work.

Moore also claims that the officer had a duty to seek a medical expert opinion. The officer did not. It is within the officer's discretion to obtain assistance from a medial expert.

6. *Conclusion.*

The decision of the commissioner denying Moore's claim for disability insurance benefits is supported by substantial evidence and should be affirmed.

Signed January __19__, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge